488 A.2d 346

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Charles J. HARRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 2, 1984.

Filed Feb. 15, 1985.

136

Alexander H. Lindsay, Jr., Pittsburgh, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

PER CURIAM:

Following a *de novo* hearing on a summary appeal, appellant was found in violation of Section 4943(e) of the Motor Vehicle Code. His motions for new trial and in arrest of judgment were subsequently denied and he was sentenced to pay a fine of two hundred fifty dollars ($250.00) and costs of prosecution. In this appeal from that sentence, appellant claims that the trial court erroneously found that he was operating a triaxle truck with the lift axle up under normal load conditions in violation of the Motor Vehicle Code.

The arresting officer herein testified that the truck in question was loaded to approximately a foot from the top in the center, and the front and back of the load came to approximately three feet from the top. The officer issued the citation after observing the triaxle dump truck, which was hauling shavings from a steel lathe, operating with its lift axle up for approximately one mile. The officer further testified that the maximum gross weight permitted was

73,280 pounds, but that he did not weigh the truck as it was obvious that the vehicle was not overweight. However, he later stated that in his opinion the truck was loaded by volume in excess of two-thirds of the permissible gross weight of the truck, two-thirds being a normal pay load.

Appellant entered into evidence the scale ticket for the loaded truck which indicated that the gross weight was 45,480 pounds, and the tare ticket indicating the empty weight of the truck was 34,220 pounds. It was therefore obvious that the load being carried by the truck weighed 11,260 pounds, well under the two-thirds threshhold for determining a normal pay load. Both appellant and his expert witness testified that the load was not heavy enough to drive the truck safely with the lift axle in contact with the road surface. Appellant's expert also stated that the load carried herein was not a normal load by weight for a triaxle truck.

Section 4943 of the Motor Vehicle Code is entitled "maximum axle weight of vehicles," and provides in subsection (e)(1) that:

[e]xcept when necessary for turning, a truck that is operating under normal load conditions, the life [sic] axle shall be in full contact with the highway under full pressure.

75 Pa.C.S.A. § 4943(e)(1).

Subsections (a) through (c) of section 4943 make specific references to weight. Although subsection (e) does not include the specific term "weight", we find that the phrase "normal load conditions" must be read in terms of weight and not volume. Any other interpretation of this statutory language would be unreasonable. In light of the undisputed evidence presented at the *de novo* hearing as to the weight of the load herein, we find that the trial court abused its discretion in finding that the triaxle truck was operating under normal load conditions.

Judgment of sentence reversed and conviction vacated.